UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------

DERRICK SMITH,

                Plaintiff,

    -against-

CITY OF NEW YORK, CHRISTOPHER LOPEZ, Individually,
MERLIN ALSTON, Individually, JOHN EAGAN, Individually,
ALEXANDER RAPP, Individually, and JOHN or JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                Defendants.

---------------------------------------------------------------------X

**AMENDED COMPLAINT**

11 CV 7452 (PAC)

<u>Jury Trial Demanded</u>

Plaintiff DERRICK SMITH, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff DERRICK SMITH is a forty-seven year old African American man who resides in Bronx, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, CHRISTOPHER LOPEZ, MERLIN ALSTON, JOHN EAGAN, ALEXANDER RAPP, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On January 2, 2009, at approximately 8:15 p.m., plaintiff entered 365 East 184th Street, Bronx, New York, to visit his aunt Zelma McNeill.

13. Plaintiff's aunt has resided at that address, in apartment 912, since 1973.

14. After entering the building, plaintiff proceeded to the 9th floor, where he observed defendant officers.

15. Plaintiff walked past the officers and was about to knock on his aunt's door when he heard an officer state in sum and substance, "hey you, where are you going?"

16. Plaintiff informed the officers that he was going to his aunt's house and knocked on the door.

17. The defendant officer then ordered plaintiff to walk back to where the officers were standing, and to stand facing the wall.

18. Plaintiff fully complied with the officer's orders and stood facing the wall. While standing in this position, plaintiff moved his arm to scratch an itch.

19. In response, without warning, cause or justification, the defendant officers grabbed plaintiff, punched him in his eye, repeatedly struck him about his head and body, slammed him to the ground, and continued to repeatedly strike and kick him.

20. While the officers were assaulting and battering plaintiff, plaintiff's cousin opened the door to apartment 912 and informed the officers that plaintiff was his cousin and had permission to visit the apartment.

21. Notwithstanding the above, the defendant officers placed over tight handcuffs on plaintiff's wrists and transported him to a police precinct, and then to St. Barnabas Hospital.

22. At St. Barnabas Hospital, plaintiff was diagnosed with a fracture of his left medial

orbital wall and of his right nasal bone.

23. Defendant EAGAN supervised defendants LOPEZ, ALSTON, RAPP and JOHN and JANE DOE 1 through 10 and approved of, oversaw, and otherwise presided over the defendants' excessive use of force against plaintiff.

24. The defendants EAGAN, LOPEZ, ALSTON, RAPP, and JOHN and JANE DOE 1 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

25. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

26. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding stopping, detaining, searching, and using force against individuals.

27. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

28. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

supervise them.

29. As a result of the foregoing, plaintiff DERRICK SMITH sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff DERRICK SMITH, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

36. As a result of the foregoing, plaintiff DERRICK SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff DERRICK SMITH'S constitutional rights.

39. As a result of the aforementioned conduct of defendants, plaintiff DERRICK SMITH, was subjected to excessive force and sustained physical injuries and emotional distress.

40. As a result of the foregoing, plaintiff DERRICK SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants had an affirmative duty to intervene on behalf of plaintiff DERRICK SMITH, whose constitutional rights were being violated in their presence by other officers.

43. The defendants failed to intervene to prevent the unlawful conduct described

herein.

44. As a result of the foregoing, plaintiff DERRICK SMITH, was subjected to excessive force, he was put in fear of his safety, and he was embarrassed and humiliated.

45. As a result of the foregoing, plaintiff DERRICK SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The defendants subjected plaintiff DERRICK SMITH to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

48. As a result of the foregoing, plaintiff DERRICK SMITH, was deprived of his rights under the Equal Protection Clause of the United States Constitution.

49. As a result of the foregoing, plaintiff DERRICK SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

52. As a result of the foregoing, plaintiff DERRICK SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, conducting an unlawful trespass enforcement policy, subjecting individuals to excessive force, and engaging in falsification to cover up acts of brutality and abuse of authority. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff DERRICK SMITH'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has

been deliberately indifferent to, the acts and conduct complained of herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DERRICK SMITH.

57. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DERRICK SMITH, as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DERRICK SMITH, as alleged herein.

59. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff DERRICK SMITH was subjected to excessive force.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DERRICK SMITH'S constitutional rights.

61. All of the foregoing acts by defendants deprived plaintiff DERRICK SMITH of federally protected rights, including, but not limited to, the right:

    A. To be free from the use of excessive force;

    B. To be free from the failure to intervene; and

    C. To receive equal protection under law.

62. As a result of the foregoing, plaintiff DERRICK SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DERRICK SMITH demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individually named defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
March 12, 2012

> LEVENTHAL & KLEIN, LLP
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
> By: _____
> BRETT H. KLEIN (BK4744)
>
> Attorneys for Plaintiff DERRICK SMITH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DERRICK SMITH,

                                          Plaintiff,

                                                                              11 CV 7452 (PAC)

    -against-

CITY OF NEW YORK, CHRISTOPHER LOPEZ, Individually,
MERLIN ALSTON, Individually, JOHN EAGAN, Individually,
ALEXANDER RAPP, Individually, and JOHN or JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                          Defendants.

------------------------------------------------------------------------X


## AMENDED COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100